Thomas DECKER, an infant by Peter
Decker, his Guardian, ad litem,
Appellant,

v.

Edward DVORAK, Respondent.

No. 7629.

Supreme Court of North Dakota.

Oct. 28, 1957.

Rehearing Denied Nov. 5, 1957.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, for appellant.

Howard A. Freed, Dickinson, for respondent.

BURKE, Judge.

This action was brought by Thomas Decker by his guardian ad litem, Peter Decker. The suit was one for wages which plaintiff, in his complaint, alleged were earned and unpaid. The defendant, in his answer, alleged payment. The case was tried to the court without a jury. Judgment was entered in favor of the defendant. Plaintiff has appealed from the judgment and has demanded a trial anew in this court.

Under the pleadings in the case the only issue before the court was whether plaintiff had been paid the amount the defendant had agreed to pay him for his services. The testimony of both plaintiff and the defendant conclusively establishes that plaintiff had not only been paid in full, but had been overpaid in the amount of $60 at the time he left defendant's employment.

Plaintiff testified that he bought a used car from the Dvorak Motor Company of Dickinson, a company in which defendant has no interest, and traded in an old car he owned as part of the down payment. Before the purchase could be completed

he needed .$50 additional to make up the down. payment and an adult to sign the purchase contract. He asked his father for assistance and his father refused. He then made an agreement with the defendant, under the terms of which, the defendant agreed to sign the purchase contract, make up the deficiency in the down payment, make the monthly payments as they became due on the contract and deduct the amounts so paid from plaintiff's wages. All this was done according to the agreement.

The plaintiff contends that as a result of this agreement there came into being a contract between plaintiff and the defendant for the purchase and sale of the car, that plaintiff, a minor, had, after leaving defendant's employment, a right to disaffirm the contract, deliver the car to the defendant and recover the amounts paid on the car. Assuming but not deciding that plaintiff's interpretation of the facts is correct, and that he has a cause of action for payments made upon a disaffirmed contract, that, nevertheless is not the cause of action stated in the complaint in this case.

Plaintiff was 18 years of age at the time of the transaction. If that transaction gave rise to such a contract as plaintiff suggests, the contract was not void but merely voidable and voidable only at the election of the minor. Until such a contract is disaffirmed it is in all respects a valid and subsisting contract. Section 14–1010, NDRC 1943. It follows that the payments made on the contract were, at the time the payments were made, perfectly valid payments and that, by receiving credit for the payments, plaintiff's wages were paid.

Since the evidence in the case wholly fails to establish the cause of action stated in the complaint, the judgment dismissing this action is affirmed.

GRIMSON, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.